UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA WALLACE,

    Plaintiff,

v.                                                      Case No: 8:15-cv-474-T-36AEP

HOME DEPOT USA, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff Debra Wallace's Motion to Remand (Doc. 8). Defendant Home Depot USA, Inc. ("Home Depot") responded in opposition to the Motion (Doc. 9). The Court, having considered the Motion and being fully advised in the premises, will now DENY the Motion.

## DISCUSSION

This litigation arises over personal injuries sustained by Wallace on Home Depot's property, allegedly as a result of Home Depot's failure to properly maintain its premises. Wallace filed her Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on October 7, 2014. Home Depot was served with the Summons and Complaint on October 13, 2014. Doc. 1-3. In regard to damages, the Complaint alleges only that Wallace is seeking an amount "that exceeds $15,000.00." Doc. 2 ¶ 1.

On March 4, 2015, Home Depot removed the action to this Court on the basis of diversity jurisdiction.[1] Doc. 1. In its Notice of Removal, Home Depot states that, with regard to the

---

[1] Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1).

diversity of citizenship requirement, Wallace is a Florida citizen domiciled in Florida, and Home Depot is a Delaware corporation with its principal place of business in the state of Georgia. *Id.* ¶¶ 1-2. With regard to the amount in controversy requirement, Home Depot states that discovery obtained on February 2, 2015 establishes that the amount in controversy is greater than $75,000.00. *Id.* ¶¶ 8-15.

Wallace now seeks to remand this action. She does not dispute that the parties are diverse in citizenship, or that the amount in controversy exceeds $75,000.00. Rather, she argues that Home Depot did not timely remove the action in accordance with 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Specifically, Wallace contends that Home Depot knew by the time it was served with the initial pleading that the amount in controversy exceeded $75,000.00 because, prior to being served, Home Depot had been provided with a report regarding a surgical procedure that had been performed on Wallace on August 20, 2013. Wallace adds that, at the very latest, Home Depot knew by December 22, 2014 that the amount in controversy had been met, because Home Depot propounded requests for admission on November 21, 2014 asking Wallace to admit that she would seek more than $75,000, but Wallace failed to respond in any way to those requests, thus deeming them admitted under Florida Rule of Civil Procedure 1.370 on December 22, 2014. *See* Fla. R. Civ. P. 1.370 ("The matter is admitted unless the party to whom the request is directed serves . . . a written answer or objection . . . within 30 days after service of the request . . . ."). According to

2

Wallace, Home Depot was therefore required to file its Notice of Removal within 30 days of either October 13, 2014, or December 22, 2014.

The Court disagrees with Wallace because the amount in controversy had not reasonably been established by either of those dates. *First*, the medical report provided to Home Depot prior to the filing of the lawsuit did not establish any amount in controversy, much less the required amount in controversy, by a preponderance of the evidence. The report states only that two surgical procedures were performed on Wallace; it fails to include medical bills, costs, or any other details that would establish any amount in controversy. *See* Doc. 1-2, Ex. D. Indeed, Wallace does not explain how the report would establish the amount in controversy requirement—whether facially or through reasonable inference—and asserts only in a conclusory manner that, on the basis of the report, Home Depot should have sought to remove the Complaint within 30 days from the date it was served. *See* Doc. 8 at 2. The Court finds that from the medical report alone, Home Depot would not have been able to carry its burden of showing that the amount in controversy requirement had been met. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) ("[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.").

*Second*, Wallace's non-responses to Home Depot's requests for admission likewise fail to start the clock under 28 U.S.C. § 1446(b). The Court recognizes that an *affirmative* response to a request for admission may establish the amount in controversy. *See, e.g.*, *Diaz v. Big Lots Stores, Inc.*, Case No. 5:10-cv-319, 2010 WL 6793850 (M.D. Fla. Nov. 5, 2010). Here, however, Wallace did not affirmatively respond to Home Depot's requests for admission. Accordingly, even assuming that the requests for admission were admitted by Wallace's silence as of December 22, 2014, that is not the operative date from which the 30-day removal period began to run. *See*

3

*Lowery*, 483 F.3d at 1214 n.63 ("a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists. . . . *[T]he documents received by the defendant* must contain an unambiguous statement that clearly establishes federal jurisdiction") (quotation marks and citation omitted; emphasis added); *see also Enterline v. Sears, Roebuck and Co.*, Case No. 08-cv-221, 2008 WL 1766911, at *3 (M.D. Fla. Apr. 15, 2008) ("The mere expiration of plaintiff's time to respond to a Request for Admission . . . is not 'an amended pleading, motion, order or other paper.'  Similarly . . . plaintiff's non-action is not something received by defendant from plaintiff."). Here, as in *Enterline*, Home Depot could not have filed a notice of removal in good faith simply upon the expiration of Wallace's deadline to respond. *Accord id.*

Home Depot filed its Notice of Removal within 30 days of receiving the discovery that gave it a reasonable basis to conclude that the amount in controversy requirement had been met. Accordingly, it is hereby **ORDERED**:

1. Wallace's Motion to Remand (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 20, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any